FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2013 FEB 15  PM 1:00

Orlando Division

Case No. 6:13-cv- 262-orl-19KRS

DANIEL TURNER,

     Plaintiff,

vs.

GC SERVICES LIMITED
PARTNERSHIP a foreign
limited partnership,

     Defendant.

_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DANIEL TURNER, by and through his undersigned counsel, hereby files his Complaint, sues the Defendant, GC SERVICES LIMITED PARTNERSHIP, (hereinafter referred to as "Defendant" or "GC SERVICES"), and alleges as follows:

1.    This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692o, and the Florida Consumer Collection Practices Act seeking actual damages, statutory damages, attorney's fees and costs.

2.     Venue in this judicial district is proper under 28 U.S.C. §1391(b).   All of the actions and omissions forming the basis for this lawsuit occurred within this district.

3.     This Court has jurisdiction over the subject matter by virtue of Section 813 (d) of Fair Debt Collection Practices Act, 15 U.S.C. §§1692k(d), and 28 U.S.C. §§1331, 1337, and 1367.

4.     Plaintiff, DANIEL TURNER (hereinafter referred to as "Plaintiff" or "DANIEL TURNER"), brings this action for illegal practices of Defendant GC SERVICES, who used false, deceptive and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff.

5.     Plaintiff alleges that GC SERVICES, its debt collector employees, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559, et seq. ("FCCPA").

6.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal

bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.
Congress enacted the FDCPA to eliminate abusive debt collection practices by debt
collectors, to ensure that those debt collectors who refrain from using abusive debt
collection practices are not competitively disadvantaged, and to promote uniform
State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)
- (e).

  7. The FDCPA is a strict liability statute, which provides for actual or
statutory damages upon the showing of one violation.   The Eleventh Circuit has
held that whether a debt collector's conduct violates the FDCPA should be judged
from the standpoint of the "least sophisticated consumer." *LeBlanc v. Unifund
CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

  8. To prohibit harassment and abuses by debt collectors the FDCPA, at 15
U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the
natural consequence of which is to harass, oppress, or abuse any person in
connection with the collection of a debt and names a non-exhaustive list of certain
per se violations of harassing and abusive collection conduct.   15 U.S.C. §
1692d(1)-(6).

  9. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e,
outlaws the use of false, deceptive, and misleading collection letters and names a
non-exhaustive list of certain per se violations of false and deceptive collection

conduct. 15 U.S.C. § 1692e(1)-(16).

## I. PARTY-PLAINTIFF

10.     DANIEL TURNER is a natural person who, at all times relevant

to this complaint, resided in the Orlando, Florida.

11.     DANIEL TURNER is, at all times relevant to this complaint, a

"consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. §

559.

12.     DANIEL TURNER is, at all times relevant to this complaint, a

"debtor" as that term is defined by Fla. Stat. § 559.55(2).

13.     DANIEL TURNER is alleged to have incurred a financial

obligation for primarily personal, family, or household purposes, which is,

therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla.

Stat. § 559.55(1).


## II.  PARTY-DEFENDANT

14.     GC SERVICES is, at all times relevant to this complaint, a

for-profit limited partnership and collects, and attempts to collect, debts

incurred, or alleged to have been incurred, for personal, family, or household

purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

15.    GC SERVICES is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

16.    GC SERVICES is engaged in the business of soliciting consumer debts for collection and/or collecting consumer debts and, therefore, is a "Consumer Collection Agency" as that term is defined by Fla. Stat. § 559.55(7).

## IV. FACTS

17.    Sometime prior to October 1, 2012, Plaintiff DANIEL TURNER, allegedly incurred a financial obligation and is alleged to have defaulted on that obligation.

18.    The foregoing alleged financial obligation is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

19.    A debt collector may not contact a debtor at any time known to be inconvenient or at work if the debt collector knows or has reason to know that the consumer's employer prohibits such communication. 15 U.S.C. §§ 1692c(a)(1), (3).

20.    The defendant violated §§ 1692c(a)(1) and (3) by repeatedly calling Plaintiff at work after he expressly requested the Defendant's employees not to do so because he was not permitted to receive personal calls at work. [1]/

---

1. See *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 773 (7th Cir. 2003) (defendant violated § 1692c(a)(3) when it continued to call plaintiff at work after she said that she could not talk while at work); *Austin v. Great Lakes Collection Bureau,*

21.     At all times material hereto, the Defendant was a "creditor" as

that term is defined by Section 803 (4) of the FDCPA, 15 U.S.C. §1692a(4) .

22.     Defendant regularly uses the mails and telephone in a business

the principal purpose of which is the collection of debts.

23.     Defendant is a "debt collector" as that term is defined by 15

U.S.C. §1692a(6).

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

24.     The allegations in paragraphs 1 through 23 are incorporated by

reference herein.

25.     The communications from the Defendant's employees to

Plaintiff while he was at work were in violation of Section 807 of the FDCPA,

15 U.S.C. §1692c(3) which provides:

> Communication with the consumer generally.   Without the prior
> consent of the consumer given directly to the debt collector or the
> express permission of a court of competent jurisdiction, a debt
> collector may not communicate with a consumer in connection
> with the collection of any debt—

*          *          *          *          *

---

*Inc.*, 834 F. Supp. 557, 559 (D. Conn. 1993) (defendant's continued attempts
contact plaintiff at her office despite her requests that defendant not call her at
work because such calls inconvenienced her violated 15 U.S.C. §
1692c(a)(1)).

(3)   at the consumer's place of employment if the debt collector
knows or has reason to know that the consumer's employer
prohibits the consumer from receiving such communication.

26.     The acts and omissions of Defendant's agents, and the other debt

collectors employed as agents by Defendant who communicated with Plaintiff as

described herein, were committed within the time and space limits of their agency

relationship with their principal, Defendant.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all

issues so triable. US Const. amend. 7, Fed.R.Civ.P.   38.

WHEREFORE, Plaintiff prays for this Court:

a.      To declare that Defendant has violated the FDCPA;

b.      To award Plaintiff actual damages sustained as a result of the

Defendant's failure to comply with the FDCPA;

c.      To award the Plaintiff statutory damages not to exceed $1,000.00;

d.      To award Plaintiff reimbursement for such expenses as have been

required to expend to prosecute this claim;

e.      To award Plaintiff   him reasonable attorney's fees pursuant to 15

U.S.C. §1692k;

f.      To award such other and further relief as the Court deems proper.

## COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

27.     The allegations in paragraphs 1 through 27 are incorporated by reference herein.

28.     Plaintiff, DANIEL TURNER, is an individual who resides in Orange County, Florida.

29.     Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

30.     Defendant is a person as defined in §1.01(3), Fla. Stat.

31.     Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees,   servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

32.     Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

33.     Defendant GC SERVICES. is a registered foreign corporation, engaged in collecting debts in this state with its principal place of business located in Houston, Texas.

34.     Defendant is a person as defined in §1.01(3), Fla. Stat.

35.    Section 559.72 of the Florida Statutes provides, in part, as follows:

Prohibited practices generally. — In collecting consumer debts, no person shall:

      *            *            *

(7)    Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

36.    By making repeated calls to Plaintiff at this place of employment after being told that his employer does not permit such calls, Defendant engaged in other conduct which "can reasonably be expected to abuse or harass the debtor or any member of her or his family."

37.    Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

38.    The tactics employed by Defendant have caused Plaintiff considerable worry, embarrassment, frustration, anger, distress, and concern that this organization would go to this extent to collect a debt.

39.    The emotional distress has strained Plaintiffs relationships with family and friends.

40.    Plaintiffs damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

41.    All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

42.    Plaintiff is a consumer and the obligation between the parties which is the debt owed pursuant to the subject note is a consumer debt as defined in Fla. Stat. §559.55(1).

43.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

44.    As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorney's fees and costs.

45.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

46.     Plaintiff is entitled to damages under Fla. Stat. §559.77.


WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.     Declaratory judgment that Defendant's conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

B.     That Defendant be enjoined from any and all further illegal collection practice.

C.     Actual damages pursuant to Fla. Stat. §559.77(2).

D.     Statutory damages pursuant to Fla. Stat. §559.77(2).

E.     Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

F.     For such other and further relief as may be just and proper.

DATED this 15 February 2013.


N. James Turner, Esq.
Counsel for Plaintiff
Florida Bar No. 0203041
37 N. Orange Avenue
Suite 500
Orlando, FL 32801
(888) 877-5103
Email address:   njtlaw@gmail.com